THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CELIA FIGUEROA SANTIAGO, Defendant and Appellant.

Nos. CR-65-327    Decided February 8, 1966.
CR-65-328.

*E. Alemañy Fernández* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Adaljisa Díaz de Collazo, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was convicted of two violations of the *Bolita* Act (Act No. 220 of March 15, 1948, 33 L.P.R.A. § 1247) consisting in the sale, on two different occasions, of a number of the unlawful game of *bolita* to an undercover agent, and sentenced to serve one year in jail for each violation.

As the first error she alleges in this appeal the state of defenselessness in which the defendant found herself in relation to the facts of November 30, 1963.

Her contention is to the effect that the case was submitted to a magistrate about twelve months after the facts had occurred and that due to that delay she could not remember the place where she was that day, for which reason she was precluded from introducing evidence in her defense.

On November 30, 1963 an undercover agent, passing as an inspector of the Water Resources Authority, was admitted to the patio of appellant's residence and upon becoming aware of the fact that at that moment she was engaged in *bolipool*

transactions, he bought her number 295 for the price of $1, without her giving him any proof of the wager, the defendant limiting herself to making a circle around the *bolita* number that she sold to the undercover agent.

In similar circumstances, the defendant sold *bolita* number 038 to the same undercover agent on September 3, 1964, for the price of $2.

The agent explained that the arrest of defendant was delayed because "I cannot arrest anybody. If I had arrested her I would have been through in Mayagüez and my work would have come to an end."

The mere statement of the defendant on the witness stand that despite every effort she made she could not remember where she was on November 30, 1963, does not establish the state of defenselessness she invokes if it is considered (1) that the defendant testified in the sense that she had never seen the undercover agent in the patio of her house nor in any other place; that she has never sold *bolita* numbers nor is acquainted with that game, and that besides she introduced other witnesses to prove her statement that she has never been engaged in selling *bolita* numbers, and (2) that some 20 days prior to the trial, the defendant filed a writing notifying that she would invoke the defense of alibi, from which it is inferred that she knew where she was the day on which the offense charged was committed.

This case does not fall within the exceptions referred to in *People* v. *Superior Court*, 81 P.R.R. 445 (1959); *People* v. *Seda*, 82 P.R.R. 695 (1961), and later cases. The first error was not committed.

■ In the second assignment of errors it is argued that the trial court erred in denying the motion for suppression of evidence. *People* v. *Seda, supra*, disposes of this assignment against appellant.

The third error attacks the weighing of the evidence. An examination of the transcript of the evidence convinces us

of the fact that the trial court did not commit error in giving credit to the undercover agent. There are no evident reasons to suspect of his testimony. *People v. Rivas Ocasio*, per curiam decision of May 28, 1964.

█ Finally appellant complains that the sentences imposed are excessive: She argues that she is highly reputed and also that there are no aggravating circumstances to justify the imposition of the maximum penalty in each one of the cases.

It could be inferred from the fact that appellant was caught twice selling *bolita* numbers that appellant was actually engaged in the illegal activity of selling *bolita* numbers. On the other hand the penalty imposed in each case was not the maximum because for such cases the statute provides for a minimum penalty of not less than six months nor more than 2 years in jail. So serious did the lawmakers consider the commission of these offenses that for the second and subsequent violations it imposed a penalty of not less than one year nor more than ten years in the penitentiary. 33 L.P.R.A. § 1250.

There is no ground to modify the judgments appealed from and consequently they will be affirmed.*

Mr. Chief Justice Negrón Fernández did not participate herein. Mr. Justice Santana Becerra dissented.

---

* Compiler's Note: By judgment of March 23, 1966—in which Mr. Justice Belaval and Mr. Justice Santana Becerra did not participate —the judgment of the Court rendered on February 8 in this case was reconsidered for the sole purpose of decreeing that the penalty of one year in jail imposed in each case by the Superior Court, Mayagüez Part, in these cases, be served concurrently, and as thus amended, the judgments will be affirmed.